## THE HINMAN.

## NEW YORK TRAP ROCK CORPORATION v. GRAY ENGINEERING & CON-STRUCTION CO., Inc.

### No. 90.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

Park, Lynch & Hagen, of New York City (Anthony V. Lynch, Jr., and Charles W. Hagen, both of New York City, of counsel), for appellant.

Frederick W. Park, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

The Gray Engineering & Construction Company's pile driver on October 6, 1928, was securely tied at the dock of the Byram Coal Company, of Port Chester, N. Y., and had been moored there for several days. The scow Hinman, on October 5, was brought to the dock and moored alongside another scow, which completed discharging on that day, and on the following morning, at 6:30, the empty scow was moved out and placed near the stern of the pile driver, the vessels actually touching. The Hinman was moved into the berth vacated by the empty scow. She was later shifted to such a position that the hammer of the pile driver overhung the wearing piece or bumper on the stern of the Hinman. At about 8 o'clock that morning, the Hinman went aground, and the pile driver, which was of lighter draft, lowered in the water and rested on the Hinman, causing the damage for which this libel is filed. It was not until there was actual contact between the pile driver and the Hinman that the attention of those in charge of the pile driver was called to their respective positions. The pile driver thereupon moved away, and but slight damage was done.

The court below held that the Hinman was moved into her berth when the tide was fairly high at 6:30, and went aground when the water lowered. It found that complaint had been made to the engineer of the pile driver as well as the captain, that the pile driver could have been shifted, and, as a result of failure to do so, caused the damage. There was no evidence that the engineer of the pile driver was advised of the danger, nor was warning given to those aboard. The findings as made by the court below are not supported by the evidence. Although the damage was slight, the interests of justice require us to reverse the findings.

It is clear to us that the sole fault for the slight damage was due to those in charge of the Hinman, who moved her from the dock and put her in the position she was, in close contact with the pile driver, when reasonable caution would have dictated that, with the lowering of the tide, the pile driver would overhang the Hinman and rest upon it. The pile driver was privileged to remain at her berth, while the Hinman, arriving later, took a foul berth when placed in such a position that the pile driver overhung her stern. A vessel taking a foul berth may not recover under such circumstances. The Stamford, The Chicago, The Ambrose No. 310 (D. C.) 35 F.(2d) 55; The Chalmette (D. C.) 52 F. 174; Meyers v. The America (D. C.) 38 F. 256; Laverty v. The John Cottrell (D. C.) 34 F. 907; Vantine v. The Lake, Fed. Cas. No. 16,878, 2 Wall. Jr., 52.

Decree reversed.